IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard Allen Smuda, (Pro Se), ) | |
| Plaintiff, ) | CASE No: 0:24-cv-03215-PJS-DLM |
| VS. ) | |
| Nancy Johnston, (MSOP) Et Al, ) | COMPLAINT FOR |
| Jodi Harpstead, (DHS) Et Al, ) | INJUNCTIVE, DECLARTORY, |
| Paul Snell, (DOC) Et Al, ) | MONETARY, COMPENSATORY |
| Breanna Futchko, (DHS) Et Al, ) | AND PUNITIVE DAMAGES RELIEF |
| Becker County, Et Al, ) | |
| Anoka State Hospital, Et Al, ) | |
| State of Minnesota, Et Al, ) | DATE 8/20/2024 |
| Defendants. ) | |

RECEIVED BY MAIL
AUG 22 2024
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

I. **INTRODUTION**

1. Plaintiff, individually and a person subjected by defendants to Civil Commitment as a Sexually Dangerous Person under Chapter 253 of the Minnesota Century Code – sue defendants -- each a public official or entity responsible for implementation and enforcement of MN.C.C. Ch. 253 for violation of Plaintiff constitutional and federal statutory rights. By this action, plaintiff, individually does not seek review of his individual state commitment orders or judgment. Nor does plaintiff, individually, seek to enforce the specific state law of MN.C.C. Ch. 253. Instead, plaintiff seeks prospective relief only under federal law for violation of his federal rights.

II. **JURISDICTION AND VENUE**

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and § 1343. Supplemental Jurisdiction is conferred on this Court by U.S.C. § 1367 in that plaintiff sole State Law Claims, forming part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in that the claims alleged herein arose in Anoka State Hospital, and Moose Lake, Sex Offenders Program, both in Minnesota.

Page 1 of 16

SCANNED
AUG 22 2024
U.S. DISTRICT COURT MPLS

### III.  PARTIES
### Named Plaintiff
### Statement of the Case (Facts)

4. Plaintiff Richard Smuda, was unlawfully confined by defendants at the (A.S.H.)[1] and (M.S.O.P.)[2] Those confinement and/or the conditions of those confinement violated plaintiff federal and statutory rights. Plaintiff seek certification of a class of similarly situated persons Under Rule 23 of the Federal Rules of Civil Procedure.

5. In 1992, the Minnesota Legislature enacted a screening process to evaluate "high-risk" sex offenders before their release from prison upon completing a criminal sentence.          Mr. Smuda was never in Prison in Minnesota.

6. Mr. Smuda was Civilly Committed in North Dakota Sex Offenders Program, In 2004--2011 and 2016--2019 and Smuda completed the program.

7. After he was discharged from the District Court and the Supreme Court in 2019, Mr. Smuda went to live with his mother in Detroit Lakes MN to get a new start. As things where moving fast he did not take his medication and accused of stabbing a refrigerator. He never made no threats and was not dangerous to himself or others. That conduct did not involving significant damage to substantial property. However his mother called the Police to get him some medication. They took him to the Emergency Room in Detroit Lakes in Minnesota. Then the Ambulance took him to Fargo North Dakota that was on 10/4/2019 he was there for several days.

8. Becker County Police from Minnesota, came to Fargo North Dakota (out of jurisdiction) and brought Smuda to Anoka State Hospital in MN. Mr. Smuda was Initial Committed as Mentally Ill in Anoka for 6 months on 10/28/2019 Ending on 4/28/2020.

---

[1] (A.S.H.) Anoka State Hospital
[2] (M.S.O.P.) Minnesota Sex Offenders Program

9. On 3/17/2020 the Honorable Judge Thilmony from Becker County filed an Order to Continue Civil Commitment of Richard Smuda for 12 more months as Mentally Ill.

10. At the hearing Mr. Smuda was in Anoka Hospital on the T.V. asking the Judge for an second examination, it was granted.

11. The next day 3/18/2020 the Judge said that "Smuda waived the request to have an examination." There is nothing in the files about waiving that examination. That is a Violation of a Court Order.

12. Becker County (DHS)[3] and (ASH) don't have the right to re-commit Smuda for another 12 months as a mentally ill person, by using the same stuff that got him Initially committed in the first place. There has to be new altercations or bad behaviors,

13. There is a document that says Mr. Smuda waived his rights to be at that Hearing in Becker County that was held on 3/17/2020. That waiver was signed on 3/20/2020, 3 days after the hearing. Mr. Smuda's Attorney Stuart Kitzmann failed to have Smuda Appear and Testify at the Hearing on 3/17/2020 for Civil Commitment of 12 more Months as a Mentally Ill Person, and did not Appeal In Violation of the 14th Constitution Amendment Rights Due Process of Law {2014 U.S. Dist. LEXIS 17}.

14. In the meantime the State Hospital conspired with the DHS, in Becker County to File a Petition to Civilly Commit Richard Smuda as a SDP[4] and SPP[5], and they did so on May 12, 2020, two and a half weeks after the Initial commitment had ended.

15. Counsel Malcolm Whynott failed to argue, represent and Allow Smuda to Appear at the Civil Commitment Sex Offenders Hearing in Becker County for the first half hour on Nov. 9th, 2020 Pages 1-12 of the Transcripts. The Attorney was incompetent

---

[3] (D.H.S) Department of Human Services
[4] (S.D.P) Sexually Dangerous Person
[5] (S.P.P) Sexually Psychopathic Personality

at the hearing, he should of asked for a different doctor, or Mr. Smuda would have, because the doctor was not credible or persuasive, and late giving his report to the court that was bias and prejudiced it would have been a different outcome. The Attorney is also in Violation of the 14th Constitution Amendment Rights Due Process of Law {2014 U.S. Dist. LEXIS 17}.

16. After Smuda got Committed at M.S.O.P. Social Security cut him off of his Benefits, because they think that he is in Prison in Minnesota, needless to say. Mr. Smuda is not in Prison. However it seems like the sex offenders program in Moose Lake, is a Prison with Razor Wired Fence, and there is a great deal of Punishment going on here for ex-sample. Smuda quit taking my medication again and the next thing he knew was the staff called the A-Team and they jumped him and took him to HSA[6] it is like the hole in Prison. They took him there on several occasions, once he was taking a shower and they came and pepper sprayed him and took him back to HSA. Each time they striped searched him, and kept him locked up for two weeks at a time, even one time on the wrong meds. They watched him for a few days with feces and urine all over him, his cloths that they gave him and the floor. They searched Smuda's room and took his C-Pad Machine, Legal Papers and it all disappeared, somehow they blamed it on him. His Insurance will not give him another one until October of 2025 at that time, it would be three and a half years without one.

17. It says on one of the papers that the Minnesota (DOC)[7] gave Smuda an Inmate I.D. Number, and they did a risk assessment on him, and put him at a 2% at risk to Sexually Re-offend. Mr. Smuda has never been in Minnesota (DOC).

---

[6] (H.S.A) High Security Administrations
[7] (D.O.C.) Department of Corrections

When he was discharged from North Dakota they put him at a 0% at risk to Sexually Re-offend. Mr. Smuda did not do nothing sexual since 2013. What made him A higher risk in a few short months, to get Civilly Committed as a Sex Offender in Minnesota? The DMS-5 Manual says, if you go 6 months without doing anything sexual, you should be discharged from Civil Commitment.

## B. Named Defendants

18. Defendant Nancy Johnston is the Executive Director of the Minnesota Sex Offenders Program. Does not have Subject Matter Jurisdiction over Smuda as executive director, she is responsible for the care, custody, and control of sexually dangerous Person pursuant to MN.C.C. 253, including the promulgation and enforcement of certain policies, practices and procedures challenged in this action Nancy Johnston. Is a "person" within the meaning of 42 U.S.C. §§ 1983, 1985 and 1986; she is sued in her individual and official capacities. Nancy Johnston, acting in her official capacity, is also a "government" within the meaning of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-5.

19. Defendant Paul Snell is the Director of the Minnesota Department of Corrections and Rehabilitation. As director, Paul Snell is responsible for the assessment and identification of inmates and juveniles imprisoned by the state for referral to state's attorneys for civil commitment proceedings under MN.C.C. 253, including the promulgation and enforcement of certain policies, practices and procedures challenged in this action Paul Snell. Is a "person" within the meaning of 42 U.S.C. §§ 1983, 1985 and 1986; he is sued in his individual and official capacities.

20. Defendant State of Minnesota is a "public entity" within the meaning of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §12131(1)(A), and a "government" within the meaning of RLUIPA, 42 U.S.C. § 2000cc-5.

21. Defendant Minnesota Department of Human Services (DHS) is a "public entity" within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1)(A), and a "government" within the meaning of RLUIPA, 42 U.S.C. § 2000cc-5. It is also a "program within the meaning of 42 U.S.C. §§ 2000cc-1 and 2000cc-5.

22. Defendant Minnesota Department of Corrections and Rehabilitation (DOCR) is a "public entity" within the meaning of Title II of the ADA, 42 U.S.C.A. § 12131(1)(A). It performs activities and operates programs – such as the Sex Offender Risk Assessment Committee (SORAC) and Sex Offender Pre-Release Staff (SOPRS).

23. Defendant Minnesota Sex offenders Program (M.S.O.P.) is an agency of the Department of Human Services ran by the Commissioner Jodi Harpstead at (M.S.O.P.)is a "public entity" within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C.A. § 12131(1)(B), and an "institution" within the meaning of RLUIPA, 42 U.S.C. §§ 1997, 2000cc-1

24. Defendant Anoka State Hospital ran by the Department of Human Services, in Becker County Minnesota is Breanna Futchko.

## IV.     DEFENDANTS' POLICIES VIOLATED THE CONSTITUTIONAL AND STATUTORY RIGHTS OF THE PLAINTIFF

25. The Fourth Amendment protects person from unreasonable search and seizure. The person, property and privacy of SDP's are unreasonably invaded and infringed by defendants. Thus, defendants violate the Fourth Amendment rights of plaintiff.

26. The Sixth Amendment entitles a person to trial by jury as a condition of imposing a punitive sentence of incarceration. SDP's are sentenced to indeterminate incarceration in prison conditions operated and maintained by defendants. Thus, defendants violate the Sixth Amendment rights of plaintiff by continuing to incarcerate plaintiff, without trial by jury.

27. The Eighth Amendment bars cruel and unusual punishment. The indeterminate confinement of SDP's in the most restrictive, prison-like conditions without effective treatment is penal and amounts to cruel and unusual punishment. Thus, defendants violate the Eighth Amendment rights of plaintiff.

28. The Due Process Clause of the Fourteenth Amendment requires that civilly committed person not be subjected to conditions that amount to punishment. Due process requires that the conditions and duration of confinement for civilly confined persons be necessary to serve the purpose for which they are committed. Plaintiff is subject to incarceration that amounts to punishment. He is confined in conditions and for periods of time that bear no reasonable relationship to the purpose of his commitment. Thus, defendants violate the due process rights of plaintiff.

29. The Equal Protection Clause of the Fourteenth Amendment requires that civilly committed persons not be deprived of the equal protection of the laws. SDPs are entitled to be treated in the same manner as other civilly committed persons. SDP's are treated in an unequal manner, deprived of the equal protections of laws, because of their status as a hated minority of offenders. Thus, defendants violate the equal protection rights of Plaintiff.

## V.   INJURIES

30. There now exists an actual controversy between the parties regarding the defendants' duties under Constitution and federal statutes. Accordingly, plaintiff is entitled to declaratory relief under each of his federal law claims, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

31. Unless enjoined, the defendants will continue to engage in the unlawful acts and practices. Plaintiff has no adequate remedy at law. Plaintiff is now suffering and will continue to suffer irreparable injury as a result of defendants' unlawful conduct unless relief is provided by this Court. Accordingly, the plaintiff is entitled to injunctive relief under their federal law claims, 28 U.S.C. § 2202, and Rule 65 of the Federal Rules of Civil Procedure.

## VI. IMMUNITY, MOOTNESS, AND PRECLUSION

32. No defendant is entitled to immunity.

a. Under each of the federal claims alleged in this complaint, Congress has abrogated each defendant's immunity pursuant to Section 5 of the Fourteenth Amendment; or,

b. Defendant (MSOP) waived its immunity by accepting federal funds appropriated pursuant to Congress's Spending Power (MSOP) receives Medicaid. Medicaid is a cooperative federal-state program through which the Federal Government provides financial assistance to States so that they may furnish medical care to needy individuals. MSOP gets Medicaid and Medicare for care; and,

c. Immunity is inapposite because plaintiff seek prospective relief only; or,

d. Each defendant violated clearly established constitutional proscriptions and the SDP statute does not shield defendants from liability since it authorized official conduct that is patently violated of fundamental constitutional principles; or,

e. The sole supplemental state law claim sues Nancy Johnston, Jodi Harpstead, Paul Snell and Breanna Futchko in their personal capacities only.

33. Plaintiff claims are not moot.

a. Even if a plaintiff were released from confinement by defendants, his claims are not moot because, under the circumstance of this case, his claims are capable of repetition yet evading review; and,


b. Even if a plaintiff were released from confinement by defendants, each plaintiff faces the risk of re-commitment under the SDP statute, a circumstance that has previously occurred with respect to some plaintiffs;

c. Even if a plaintiff were released from confinement by defendants, each plaintiff suffers lasting and continuing injury as a result of defendants' violation of his constitutional and statutory rights; and,

d. Even if a plaintiff were released from confinement by defendants, his claims are not moot because, MSOP continues to demand payment for his time spent at MSOP as an SDP and a substantial controversy exists as to whether such a demand for payment is lawful, authorizing issuance of declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

34. Plaintiff's claims are not precluded.

a. By this action, plaintiff, individually, does not seek review of his individual state commitment orders or judgments;

b. By this action, plaintiff, individually, does not seek to enforce the specific state law provisions of MN. C.C. Ch. 253;

c. By this action, plaintiff, individually, seek prospective, declaratory and injunctive relief only under federal law for violation of his federal constitutional and statutory rights. These claims could not be fairly and fully litigated – if they were addressed at all – in his commitment hearings;

d. In this action, plaintiff, individually, is a person who is detained, and has been committed to the custody of DHS. Based on that status, his claims neither interfere nor impede any proceeding in the state courts pursuant to MN.C.C. Ch. 253;

e. In this action, plaintiff, individually, is a person is detained, confined, by defendants in violation of the constitution and federal statutes. He seek prospective, declaratory and injunctive relief only under federal law for violation of his federal rights. None of the findings determined by any state court in connection with any proceeding under MN.C.C. Ch. 253 should be accorded any preclusive effect since none of those state court findings were made in connection with or in the context of the specific federal claims to be litigated in this action. The claims alleged in this action pose unique questions of proof and different elements than those questions and elements considered, litigated, or determined by any state court in any proceeding under MN.C.C. Ch. 253.

## VII. CLAIMS

### A. First Claim

### [42 U.S.C. § 1983]

35. Defendants injured plaintiff by depriving him of rights and freedoms guaranteed and protected by the, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

Defendants were acting under color of state laws.

### B. Second Claim

### [42 U.S.C. § 1985(3)]

36. Defendants injured plaintiff by conspiring with other persons to deprive plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws, in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1985(3).

Defendants were acting under color of state laws.

### C. Third Claim

### [42 U.S.C. § 1986]

37. Defendants injured plaintiff by failing, refusing or neglecting to prevent the deprivation of his rights to equal protection of laws in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1986.

Defendants were acting under color of state laws.

### D. Fourth Claim

### [ADA, 42 U.S.C. § 12131, et seq.]

38. Defendants injured plaintiff Richard Smuda by excluding him from participating in or denying him benefits of the services, programs, or activities of a public entity, or by subjecting him to discrimination by any such entity and denying them treatment in the least restrictive setting in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

Defendants were acting under color of state laws.

### VIII. CONCLUSION

39. The Defendants Violated Smuda's Constitutional Rights, weather it was the fourth, sixth, eighth or the fourteenth, there should be some type of relief.

40. The Fourth Amendment protects person from unreasonable search and seizure. They searched smuda's cell and seized his c-pad machine, & legal papers, (nothing back)

41. The Sixth Amendment entitles a person to trial by jury, no jury in a civil trial.

42. The Eighth Amendment bars cruel and unusual punishment. If they can stop Mr. Smuda from taking a shower, by pepper spraying him, then they should of put a stop to the feces & urine all over him & the floor instead of watching it go on for days.

43. The Due Process Clause of the Fourteenth Amendment requires that civilly committed person not be subjected to conditions that amount to punishment. Mr. Smuda was on lock down for weeks at a time, as a punishment.

44. The Equal Protection Clause of the Fourteenth Amendment requires that civilly committed persons not be deprived of the equal protection of the laws. Defendants

injured plaintiff by conspiring with other persons to deprive plaintiff of the equal protection of the laws. Mr. Smuda's Attorney Stuart Kitzmann, the States Attorney, the Human Services, the Judge, the Anoka State Hospital, the Sex Offenders Program. All where conspiring to keep Mr. Smuda from the original release date while at the State Hospital, and too civilly commit him as a sexually dangerous person, and not having him testify or appear at the hearing when he was at the State Hospital on 3/17/2020. That is a Violation of Attorney Ineffective Assistance of Counsel, Due Process of Law. It was not my fault that Stuart Kitzmann did not file an appeal or notify me.

**45.** Plus Mr. Smuda's Attorney Malcolm Whynott failed to argue, represent an Allow Smuda to Appear at the Civil Commitment Sex Offenders Hearing in Becker County for the first half hour on Nov. 9th, 2020 Pages 1-12 of the Transcripts. The Attorney was incompetent at the hearing, he should of asked for a different doctor, or Mr. Smuda would have, because the doctor was not credible or persuasive, and late giving his report to the court that was bias and prejudiced, it would have been a different outcome. That is a Violation of Attorney Ineffective Assistance of Counsel. The Attorney is also in Violation of the 14th Constitution Amendment Rights Due Process of Law {2014 U.S. Dist. LEXIS 17}.

46. Defendants injured plaintiff by failing, refusing or neglecting to prevent the deprivation of his rights to equal protection of laws.

47. At the hearing on 3/17/2020 Mr. Smuda was in Anoka Hospital on the T.V. asking the Judge for an second examination, it was granted.
The next day 3/18/2020 the Judge said that "Smuda waived the request
to have an examination." There is nothing in the files about waiving the examination.
That is a Violation of a Court Order.

48. I still say that the Sex Offenders Program, and Becker County does not have Subject Matter Jurisdiction over Richard Smuda to Civilly Commit him as a Sex Offender. He did not do nothing sexual in Minnesota. Jurisdiction only applies to those places where Crimes were Committed, (THAT IS THE LAW). Jurisdiction gives the state power too adjudicate a case. However the Smuda's sex case from North Dakota was already adjudicated. Minnesota does not have a right to re-adjudicate the case. Minnesota does not have jurisdiction over Smuda's sex case that was not committed in Minnesota.

49. Minnesota thinks that North Dakota was not good enough for Mr. Smuda to say that he completed the program, Smuda had to go through his Group & Forensic to pass his work. Minnesota Program has no feedback. North Dakota had better Treatment.

50. If Smuda does not win some kind of compensatory, he would like to know what it takes to win a case like this! There is two claims of Ineffective Assistance of Counsel in Violation of the Fourteenth Constitution Amendment Rights Due Process of Law. One Violation of a Court Order. Out of Jurisdiction Violation. The Eighth Amendment bars cruel and unusual punishment Violation. There is no time limit on showering for them to pepper spray Smuda. The Sixth Amendment Violation, no jury in a civil trial. The Fourth Amendment protects person from unreasonable search and seizure violation They searched smuda's cell and seized his c-pad machine, & legal papers, (he got nothing back). A C-pad machine is a life resort for them to be messing around with, Smuda stops breathing 184 times an hour in his sleep.

51. If Smuda did not Exhaust his State Remedies, it is not his Fault, that was the Attorney Ineffective Assistance of Counsel.

## IX. RELIEF

Accordingly, plaintiff, on behalf of himself, pray for a judgment that:

1. Certifies the Plaintiff pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2);

2. Declares that defendants act unlawfully in violation of the, Fourth, Sixth, Eighth and Fourteenth Amendments pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986, ADA, 42 U.S.C. § 12131, et seq. and Fed. R. Civ. P. 57;

3. Enters temporary, preliminary and permanent injunctions enjoining defendants, their officials, employees, co-conspirators, agents, attorneys, and all persons in active concert or participating with anyone of them from enforcing policies, practices or procedures that violate the, Fourth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986, ADA, 42 U.S.C. § 12131, et seq. and Fed. R. Civ. P. 65;

4. Enters affirmative injunctive relief requiring defendants, their officials, employees, co-conspirators, agents, attorneys, and all persons in active concert or participating with anyone of them to undertake affirmative policies, practices and procedures that redress their violations of the, Fourth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §§1983, 1985(3), 1986, ADA, 42 U.S.C. § 12131, et seq. & Fed. R. Civ. P. 65;

5. Awards plaintiff his costs, and expenses that includes work money that the client make every two weeks, M.S.O.P. keeps half for cost of care and dismissing the billing for cost of care;

6. Awards Plaintiff Richard Allen Smuda $20,000,000.00 Demands (Tax Free);

7. Awards any other relief deemed just and appropriate.