UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RICHARD ALLEN SMUDA,    Case No. 24-CV-3215 (PJS/DLM)

      Plaintiff,

v.    ORDER

NANCY JOHNSTON (MSOP); JODI
HARPSTEAD (DHS); PAUL SNELL (DOC);
BREANNA FUTCHKO (DHS); BECKER
COUNTY; ANOKA STATE HOSPITAL;
STATE OF MINNESOTA,

      Defendants.

---

Plaintiff Richard Smuda is a civil detainee in the Minnesota Sex Offender Program ("MSOP"). He brings this action against the State of Minnesota, Becker County, and various state and county agencies and officials alleging a plethora of constitutional and statutory violations under 42 U.S.C. §§ 1983, 1985(3), and 1986, as well as under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.

This matter is before the Court on Smuda's objection to the October 2, 2024, Report and Recommendation ("R&R") of Magistrate Judge Douglas L. Micko, who recommends dismissing all of Smuda's claims. Specifically, Judge Micko recommends (1) dismissing claims against the State of Minnesota, state agencies, and state officials sued in their official capacities on the basis that these defendants are immune from suit

in federal court under the Eleventh Amendment, and (2) dismissing the remaining claims for failure to state a claim. *See* 28 U.S.C. § 1915A(b). The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Smuda's objection (as it has no legal basis), but adopts the R&R only insofar as it is consistent with this order.

Smuda alleges in his complaint, and reiterates in his objection, that state agencies who receive federal funding through Medicare and Medicaid have waived their sovereign immunity.[1] Smuda is simply mistaken. *See Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) (per curiam) (participation in Medicaid program does not waive state sovereign immunity); *Scott v. Pfizer Inc.*, 182 F. App'x 312, 315 (5th Cir. 2006) (per curiam) ("nothing in the Medicare Act, 42 U.S.C. § 1395 or the Medicaid Act, 42 U.S.C. § 1396, conditions a state's receipt of money from those programs upon its waiver of immunity"). Nor has Congress otherwise abrogated state immunity for claims under § 1983, § 1985(3), or § 1986.[2] *See Roe v. Nebraska*, 861

---

[1]Smuda also contends that the Eleventh Amendment only protects judges, attorneys, and doctors. He is incorrect. *See Lewis v. Clarke*, 581 U.S. 155, 162 (2017) (noting that both states and their "arm[s] or instrumentalit[ies]" are entitled to invoke Eleventh Amendment immunity).

[2]Even if the state defendants were not immune from the § 1985(3) and § 1986 claims, Smuda has failed to plausibly allege a conspiracy to violate his rights, a necessary element of claims under both provisions. *See Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 684 (8th Cir. 2012); *Brandon v. Lotter*, 157 F.3d 537, 539 (8th Cir. 1998).

F.3d 785, 789 (8th Cir. 2017) (§ 1983); *Murawski v. N.Y. State Bd. of Elections*, 285 F. Supp. 3d 691, 696 (S.D.N.Y. 2018) (§ 1985 and § 1986).

That said, Smuda raises two types of claims that are not—or, at least, may not be—barred by sovereign immunity:

First, Title II of the ADA is a valid abrogation of state sovereign immunity with respect to some types of claims. *See Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004) ("Title II, as it applies to the class of cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment."); *United States v. Georgia*, 546 U.S. 151, 159 (2006) (remanding for lower courts to determine whether Title II's abrogation of immunity was valid as to various claims by a prisoner, including claims of mistreatment and denial of medical care); *Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014) (per curiam) (prisoner's "alleged denials of meals and adequate housing by reason of his disability can form the basis for viable ADA . . . claims").

Smuda raises various allegations of mistreatment and denial of care while in MSOP custody. It is therefore necessary to determine whether Title II, as applied to this conditions-of-confinement claim, is a valid abrogation of state immunity, an exercise that is best conducted in an adversarial context rather than on pre-service review. The Court will therefore permit Smuda's Title II claim to proceed—insofar as that claim is

based on the conditions to which he is subject at MSOP—as against the State of Minnesota, MSOP, and MSOP director Nancy Johnston in her official capacity.[3]  *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc) (commissioners of a state agency "may not be sued in their individual capacities directly under the provisions of Title II"); *see also Dinkins*, 743 F.3d at 634 (correctional officers "cannot be sued in their individual capacities under the ADA").

Second, under the *Ex parte Young* exception to sovereign immunity, a litigant may seek prospective injunctive and declaratory relief for constitutional violations against a state official sued in his or her official capacity.  It is therefore possible that Smuda has a valid § 1983 claim for *prospective* injunctive and declaratory relief based on the same allegations of mistreatment and denial of medical care in MSOP custody that underlie his Title II claim, at least with respect to ongoing alleged violations (such as the denial of his CPAP machine).[4]

---

[3] Even if the Court ultimately determines that state immunity does not bar these claims, there may be other infirmities that require their dismissal.  By allowing the claims to proceed at this stage, the Court does not mean to imply any view on the merits.

The Court further notes that Smuda did not name MSOP in the caption of his currently operative pleading, but did list it as a defendant in the text of that document.  *See* ECF No. 5 at 1, 6.  The Court will therefore direct that MSOP be added to the caption on the docket.

[4] As a general rule, a plaintiff cannot bring both Title II and § 1983 claims based
(continued...)

-4-

The R&R recommends dismissal of these claims on the ground that *Ex parte Young* "only applies against officials 'who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution.'"  *281 Care Comm. v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014) (quoting *Ex parte Young*, 209 U.S. 123, 156 (1908)).  The issue in *281 Care Committee*, however, was whether the defendant official actually intended to enforce a challenged law against the plaintiffs, *id.* at 796–97, and the Eighth Circuit's statement must be understood in that context.

Outside of that context, *Ex parte Young* is regularly used to challenge ongoing constitutional violations that do not involve instigation of civil or criminal proceedings. *See, e.g.*, *Elder v. Gillespie*, 54 F.4th 1055, 1062–63 (8th Cir. 2022) (holding that *Ex parte Young* permitted a suit challenging, on due-process grounds, state officials' ongoing use of a benefit-assessment tool); *Larson v. Dep't of Hums. Servs.*, No. 23-CV-1823 (JRT/DJF), 2024 WL 4485572, at *12–13 (D. Minn. May 16, 2024) (addressing the merits of a civil detainee's claim for prospective relief against the use of solitary confinement), *R&R adopted*, 2024 WL 4345533 (D. Minn. Sept. 30, 2024).  Accordingly, the Court will allow

---

⁴(...continued)
on the same conduct.  *See Wong v. Minn. Dep't of Hum. Servs.*, 820 F.3d 922, 935–36 (8th Cir. 2016).  At this early stage, however, the Court will allow both the Title II and § 1983 conditions-of-confinement claims to proceed in the alternative.  Again, the Court takes no position on the merits of these claims.

this aspect of Smuda's § 1983 claim to proceed as against MSOP director Nancy Johnston in her official capacity.

Finally, the Court notes that Smuda has filed several motions while the R&R was pending, including a motion for summary judgment and two motions to amend his complaint to add three new defendants. The summary-judgment motion is plainly premature and is denied on that basis. As for the motions to amend, Smuda seeks to add claims against two attorneys who represented him in the course of his commitment proceedings and a judge who presided over some portion of those proceedings. Smuda contends that these individuals engaged in misconduct that resulted in his civil commitments. Because succeeding on these claims would undermine the validity of Smuda's civil commitments, they are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) and *Thomas v. Eschen*, 928 F.3d 709, 713 (8th Cir. 2019) (applying *Heck* to civil commitments). Smuda's motions to amend are therefore denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 12] is ADOPTED IN PART and REJECTED IN PART.

2. Plaintiff's objection [ECF No. 14] is OVERRULED.

3. The following claims in plaintiff's complaint [ECF No. 5] may proceed at this time:

   a. Plaintiff's 42 U.S.C. § 1983 claim against defendant Nancy Johnston in her official capacity for prospective declaratory and injunctive relief, under *Ex parte Young*, insofar as that claim is based on allegedly unconstitutional conditions of confinement and inadequate medical care.

   b. Plaintiff's claim under Title II of the ADA against defendants State of Minnesota, MSOP, and Nancy Johnston in her official capacity insofar as that claim is based on allegedly unlawful conditions of confinement and inadequate medical care.

4. All remaining claims are DISMISSED WITHOUT PREJUDICE.

5. The Clerk's Office is DIRECTED to add the Minnesota Sex Offenders Program as a defendant on the docket of this case.

6. Plaintiff's application to proceed *in forma pauperis* [ECF No. 2] is GRANTED.

7. Plaintiff's motions for summary judgment and to amend his complaint [ECF Nos. 15–17] are DENIED.

Dated: April 21, 2025               s/Patrick J. Schiltz                
                                   Patrick J. Schiltz, Chief Judge
                                   United States District Court