UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RICHARD ALLEN SMUDA,                              Case No. 24-CV-3215 (PJS/DLM)

　　　　　Plaintiff,

v.                                                                        ORDER

NANCY JOHNSTON (MSOP); SHIREEN
GANDHI (DHS); PAUL SNELL (DOC);
BREANNA FUTCHKO (DHS); BECKER
COUNTY; ANOKA STATE HOSPITAL;
STATE OF MINNESOTA; and MINNESOTA
SEX OFFENDERS PROGRAM,

　　　　　Defendants.

---

Plaintiff Richard Smuda is a civil detainee in the Minnesota Sex Offender

Program ("MSOP").  He filed this action in August 2024 against defendants State of

Minnesota, Becker County, and various state and county agencies and officials.  Smuda

alleged a plethora of constitutional and statutory violations under 42 U.S.C. §§ 1983,

1985(3), and 1986, as well as under Title II of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12131 et seq.

Smuda sought to proceed *in forma pauperis*, ECF No. 2, and accordingly his

amended complaint [ECF No. 5] was subject to pre-service review under 28 U.S.C.

§ 1915(e)(2).  Following that review, the Court dismissed all claims save two:

(1) Smuda's 42 U.S.C. § 1983 claim against defendant Nancy Johnston, in her official

capacity, for prospective declaratory and injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), insofar as that claim is based on allegedly unconstitutional conditions of confinement and inadequate medical care; and (2) Smuda's claim under Title II of the ADA against defendants State of Minnesota, MSOP, and Johnston in her official capacity, insofar as that claim is based on allegedly unlawful conditions of confinement and inadequate medical care.  ECF No. 21 at 7.

The remaining defendants then filed a motion to dismiss.  Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") that recommends granting the motion in part.  In particular, Judge Micko recommends (1) dismissing all claims against MSOP; (2) dismissing the remaining § 1983 claim against Johnston; and (3) permitting Smuda's ADA claims against Minnesota and against Johnston in her official capacity to proceed.

This matter is before the Court on both sides' objections to the R&R. The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Smuda's objection, sustains defendants' objection, and grants defendants' motion to dismiss this case in its entirety.

Smuda's objection is difficult to follow, but he seems to object to the dismissal of his § 1983 individual-capacity claims for damages.  Such claims are not properly before the Court, however, as they were previously dismissed on pre-service review for failure

to state a claim.[1]  *See* ECF Nos. 12, 21.  Smuda seems to imply that the Court dismissed those claims because he failed to specify that he was suing Johnston in her individual capacity.  Smuda is mistaken.  Judge Micko's previous R&R addressed the individual-capacity claims on the merits, explaining that Smuda's § 1983 claims against Johnston in her individual capacity fail because Smuda failed to allege that Johnston had any personal involvement in the alleged constitutional violations.  ECF No. 12 at 12–13; *see also* ECF No. 21 (adopting R&R in part and dismissing individual-capacity § 1983 claims).  Smuda also raises the issue of damages for defendants' failure to provide him a CPAP machine, but Judge Micko did not recommend dismissing Smuda's claim for damages under the ADA.  Smuda's objection is therefore overruled.

Defendants object to the recommended denial of their motion to dismiss Smuda's claim that defendants have refused to provide him with a CPAP machine in violation of Title II of the ADA.  "Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of a public entity."  *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999).  To state a claim under Title II of the ADA, "a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise

---

[1]To the extent Smuda may be objecting to the recommended dismissal of the § 1983 claim against Johnston that survived pre-service review, that claim fails for the reasons stated in the R&R.

qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Id.* at 858.

Smuda has adequately alleged that he "is a person with a disability" (sleep apnea) and that he "is otherwise qualified for the benefit in question" (a CPAP machine). *Id.* But, as defendants argue, Smuda has not adequately alleged that "he was excluded from the benefit *due to discrimination based upon disability*." *Id.* (emphasis added). Smuda nowhere alleges that defendants took away his CPAP machine *because* he has sleep apnea. Instead, he argues that he *needs* a CPAP machine because he has sleep apnea and that defendants are failing to provide him adequate care for his sleep apnea because they are punishing him for refusing to take his medications. ECF No. 5 ¶ 16. Such allegations fail to state a claim under the ADA. *See Tardif v. City of N.Y.*, 991 F.3d 394, 405 (2d Cir. 2021) ("At its core, the issue here is not whether Tardif was denied medical services *because* she has a disability. Instead, her claim relates solely to whether she received adequate medical treatment in police custody *for* her disability, and such a claim is not cognizable under the ADA.").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

-4-

1. The Court ADOPTS IN PART and REJECTS IN PART the Report and Recommendation [ECF No. 56].

2. Plaintiff's objection [ECF Nos. 58–59] is OVERRULED.

3. Defendants' objection [ECF No. 63] is SUSTAINED.

4. Defendants' motion to dismiss [ECF No. 39] is GRANTED, and plaintiff's amended complaint [ECF No. 5] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 23, 2026                     /s/ Patrick J. Schiltz
                                          Patrick J. Schiltz, Chief Judge
                                          United States District Court